474 S.E.2d 590

**Dorothy ELDER, Plaintiff Below, Appellant,**

v.

**Leona SMITH and Earl Dean Smith, Defendants Below, Appellees.**

No. 23171.

Supreme Court of Appeals of West Virginia.

Submitted April 23, 1996.

Decided July 12, 1996.

Berkeley L. Simmons, Susan D. Simmons, Elizabeth, for Appellant.

Timothy L. Sweeney, Sweeney & Summers, St. Marys, for Appellees.

PER CURIAM.

This is an appeal from a final judgment of the Circuit Court of Pleasants County in a suit to quiet title and to recover for property damage and personal injury. The Appellant assigns a number of errors, including the failure of the circuit court to direct a verdict in her favor on the issue of adverse possession of a strip of land under her house, and the circuit court's rejection of certain jury instructions on the issue of liability for diversion of surface water. While we find no error with respect to most of the Appellant's assignments, we do find in her favor on the issue of adverse possession, and reverse that portion of the lower court's judgment.

The Appellant, Mrs. Elder, and the Appellee, Mrs. Smith, have been next-door neighbors in St. Mary's, West Virginia, since 1960. Their houses are approximately ten feet apart. In 1971, Mrs. Elder moved to a trailer at the back of her lot, and since then has used her house only for storage. In 1987, Mrs. Smith had her sons, one of whom joins his mother as an Appellee in this case, dig two dry wells in the space between the two houses. The dry wells are deep pits filled with rock, into which Mrs. Smith ran her downspouts in order to divert rainwater from her roof away from her foundation. Mrs. Elder alleged in the suit below that her basement began leaking at about the time her neighbors dug the dry wells. In June of 1992, Mrs. Smith had a survey done, presumably for the purpose of determining whether the dry wells were on her own property. The survey revealed that not only did Mrs. Smith own the strip of land between the two houses, but also that Mrs. Elder's house extended 0.36 feet (about four inches) onto Mrs. Smith's property. Mrs. Elder does not dispute the validity of the survey.

Mrs. Elder filed suit in the Circuit Court of Pleasants County on September 25, 1992, to quiet title to her property, claiming adverse possession of the four inches under her house and an additional three feet beside her house. She also sought to recover for damage to her foundation resulting from unlawful diversion of water, damages for emotional injury, and an injunction to prohibit the Smiths from harassing her. Soon thereafter,

on December 23, 1993, Mrs. Elder cracked a rib when she slipped in the snow at the top of her cellar stairs and fell while going down to check on the sump pump. She added this personal injury claim to her existing lawsuit, asserting that the sump pump was necessary to pump out the water coming into her basement from Mrs. Smith's roof.

The case was tried before a jury, which found in favor of the Appellees, the Smiths, on all issues except that of an easement for Mrs. Elder to maintain the south side of her house. On appeal, Mrs. Elder asserts numerous errors.

■■■ Appellant asserts that the trial court erred by not granting her motion for judgment notwithstanding the verdict on the issue of adverse possession of the land under her house. The evidence is undisputed that Mrs. Elder's house extends approximately four inches onto Mrs. Smith's lot. This Court, in syllabus point three of *Somon v. Murphy Fabrication & Erection Company*, 160 W.Va. 84, 232 S.E.2d 524 (1977), set out six elements necessary for a finding of adverse possession:

One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1)That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title.

The statutory period is ten years. W.Va. Code § 55–2–1 (1994). The only element in dispute in this case is the first: adverse or hostile occupation. The Appellees contend, and the circuit court agreed in its denial of the Appellant's motion for judgment notwithstanding the verdict, that Mrs. Elder's occupation of the four inches of property was not "hostile," because both parties mistakenly believed that the property line was between the two houses. We addressed this issue in syllabus point four of *Somon:* "Where one by mistake occupies land up to a line beyond his

actual boundary, believing it to be the true line, such belief will not defeat his right to claim that he holds such land adversely or hostilely under the doctrine of adverse possession." 160 W.Va. at 85, 232 S.E.2d at 526. The Court went on to explain:

[F]or the element of "hostile" or "adverse" possession, the person claiming adverse possession must show that his possession of the property was against the right of the true owner and is inconsistent with the title of the true owner. The word "hostile" is synonymous with the word "adverse" and need not and does not import that the disseisor must show ill will or malevolence to the true owner.

*Id.* at 90, 232 S.E.2d at 528. Although the Appellant was not openly "hostile" until the construction of the dry wells in 1987, her occupation of the strip of land under her house has been adverse to the ownership interest of the Appellees for over ten years, and the trial court should, therefore, have entered judgment for Mrs. Elder on this point. This holding is in accord with our recent opinion in *Brown v. Gobble,* 196 W.Va. 559, 474 S.E.2d 489 (1996).

■■■ The Appellant also disputes the instruction given regarding liability for damage caused by diversion of surface water. She asserts that the trial court should have given the jury an instruction based on *Lyons v. Fairmont Real Estate Company,* 71 W.Va. 754, 77 S.E. 525 (1912), which applied the following rule:

An owner of property may improve it and change its character if he pleases; and if, in so doing, he incidentally casts surface water on adjacent premises, without collecting it into a body, he is not liable for any resulting injury. But, if, in the improvement of the property or otherwise, he collect the surface water thereon and cast it in a body upon his neighbor's premises, he is liable.

*Id.* at 773, 77 S.E. at 533. Prior to *Lyons,* this standard was used by the Court in *Jordan v. City of Benwood,* 42 W.Va. 312, 318, 26 S.E. 266, 268 (1896). In *Morris Associates v. Priddy,* 181 W.Va. 588, 383 S.E.2d 770

(1989), this Court reviewed our law on the issue of a landowner's liability for altering the course or amount of surface water flowing onto an adjoining landowner's property. The Court in that case adopted a new standard:

> Generally, under the rule of reasonable use, the landowner, in dealing with surface water, is entitled to take only such steps as are reasonable, in light of all the circumstances of relative advantage to the actor and disadvantage to the adjoining landowners, as well as social utility. Ordinarily, the determination of such reasonableness is regarded as involving factual issues to be determined by the trier.

*Id.,* Syl. Pt. 2, in part. In doing so, the Court explicitly overruled *Jordan* to the extent that it differed. *Id.* at 592, 383 S.E.2d at 774. Implicit in this holding is a repudiation of the law as articulated in *Lyons.* The circuit court's instructions to the jury on this issue were consistent with the rule set out in *Morris Associates v. Priddy,* and we therefore find no error in the instructions given. As noted in the syllabus point quoted above, the determination of reasonableness is a question for the jury. We will not disturb the jury's conclusion on appeal, unless it is plainly wrong. *See* Syl. Pt. 2, *French v. Sinkford,* 132 W.Va. 66, 54 S.E.2d 38 (1948).[1]

For the foregoing reasons, we reverse the judgment of the Circuit Court of Pleasants County insofar as it relates to adverse possession of the portion of land underneath the Appellant's house, affirm as to the rest, and remand this case for entry of an order consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

---

1. The Appellant alleges several other errors, all of which we find to be without merit.